UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILES LEWIS, et al., | Case No.  16-cv-01745-VC |
| Plaintiffs, | |
| v. | **ORDER FOR CASES REASSIGNED TO JUDGE CHHABRIA** |
| COUNTY OF COLUSA, | |
| Defendant. | |

1.      Your case has been assigned to Judge Chhabria, who is sitting by designation.  He is handling a number of cases from the Eastern District of California because of the heavy caseload in that district.  All filings in this case should use the case number 2:16-cv-01745-VC.  Please carefully review the Civil Local Rules for the Northern District of California (https://www.cand.uscourts.gov/localrules/civil) and Judge Chhabria's standing orders (https://cand.uscourts.gov/vcorders).  Judge Chhabria's civil standing order is attached to this order as well.  Those rules and standing orders will apply unless otherwise stated.  The parties should continue to file documents using the Eastern District of California Electronic Case Filing system.  All hearing dates presently scheduled are vacated, and must be rescheduled consistent with this order and the applicable rules.  Any other deadlines (such as the deadline to respond to the complaint or the deadline for initial disclosures) remain in place.

2.      Any jury trial will take place in Sacramento.  There will be flexibility on how to proceed with pretrial matters.  Judge Chhabria will periodically have court days in Sacramento for conferences and motion hearings in his Eastern District cases.  Consistent with Judge Chhabria's civil standing order, the parties need not include proposed orders for most substantive motions.  They must submit proposed orders in connection with administrative motions, ex parte

applications, discovery disputes, and any substantive rulings that call upon the court to make factual findings.  Parties should send Word-format versions of proposed orders, concurrent with the associated filing, to vcpo@cand.uscourts.gov.

       3.      For case management conferences, parties may opt to: (i) proceed telephonically on a Tuesday at 2:30 pm (which is Judge Chhabria's regular time for telephonic case management conferences); (ii) appear personally in Judge Chhabria's courtroom in San Francisco on a Tuesday at 1:30 pm (which is his regular time for in-person case management conferences); or (iii) appear personally in Judge Chhabria's visiting courtroom in Sacramento, at a time to be scheduled.  Judge Chhabria will hold an initial case management conference for each case that has been reassigned to him.  The parties should expect a full schedule to be adopted at the initial case management conference, including a trial date.  Within the next seven days, the parties should meet and confer and email Kristen Melen, Judge Chhabria's Courtroom Deputy, at vccrd@cand.uscourts.gov expressing their agreed upon preference for how to proceed with the initial case management conference based on the three options above.  For those who wish to have an in-person case management conference in Sacramento, a court date will be set shortly.

       4.      Counsel shall meet and confer as required by Fed. R. Civ. P. 26(f) prior to the initial case management conference with respect to those subjects set forth in Fed. R. Civ. P. 16(c).  Not less than seven days before the conference, counsel shall file a joint case management statement addressing each of the items listed in the "Standing Order for All Judges of the Northern District – Contents of Joint Case Management Statement," which can be found on the District Court for the Northern District of California website (https://cand.uscourts.gov/filelibrary/373/All_Judges_Standing_Rev_Nov_2014.pdf).  A proposed order is not necessary.  If any party is proceeding without counsel, each party may file a separate statement.  Following the conference, the Court will issue a minute order with the case schedule.  The parties should refer to Judge Chhabria's standing order for civil trials for pretrial and trial management instructions.

5.      Before a substantive motion is filed, the parties must confer about how they would like the motion to be handled and try to reach an agreement about that.  When a party files a substantive motion, it should indicate which option the parties have selected in their meet-and-confer process.  If the parties disagree, the moving party should identify (without providing any argument) each side's position.  The options are: (i) request that the motion be decided on the papers; (ii) notice the motion for one of Judge Chhabria's regularly-scheduled civil law and motion calendars in San Francisco according to his available dates, which are listed on his webpage under the section "Scheduling Notes;" or (iii) request a hearing in Sacramento.  If a hearing in Sacramento is requested, Judge Chhabria will notify the parties of the date and time of the hearing (with the understanding that the hearing could later be vacated if Judge Chhabria determines that the motion can be decided on the papers).

**IT IS SO ORDERED.**

Dated: October 26, 2016

_____

VINCE CHHABRIA
United States District Judge

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**STANDING ORDER FOR CIVIL CASES BEFORE JUDGE VINCE CHHABRIA**

## CONFORMITY WITH RULES

1.      The parties shall follow the Federal Rules of Civil Procedure, the Civil Local

Rules, and the General Orders of the Northern District of California, except as superseded by this

Court's standing order.

## EMERGENCY APPLICATIONS

2.      Counsel should call and email Judge Chhabria's Courtroom Deputy, Kristen

Melen, to notify her if they submit an application for a temporary restraining order, a stipulation

that requires a response from the Court within 24 hours, or any other emergency request.

3.      When a party files an application for a temporary restraining order, the opposing

party should not file a response unless instructed to do so by the Court.  The Court will not grant

such an application without requesting a response from the opposing party.

## SCHEDULING

4.      In–person civil case management conferences are conducted Tuesdays at 1:30

p.m.  Telephonic case management conferences are conducted from chambers at 2:30 p.m.  Civil

law and motion calendar takes place on Thursdays at 10:00 a.m.  Pretrial conferences are held on

Mondays at 1:30 p.m.  Special settings (such as evidentiary hearings and the like) will typically

occur on Wednesdays at 10:00 a.m.

5.      Counsel need not reserve hearing dates but should check Judge Chhabria's

calendar on the Court's website to make sure the desired date is not blocked.  The parties may not

specially set any matter without leave of the Court.

6.      Counsel for the moving party should confer with opposing counsel about a

mutually convenient hearing date before noticing any motion.

7.      No changes to the Court's schedule can be made except by order of the Court. Any motion to continue a hearing or case management conference must be made no later than 72 hours prior to the scheduled appearance.

8.      Any request for an extension of a filing deadline (other than an extension that the rules allow the parties to arrange between themselves without a court order) must be filed no later than 72 hours prior to the deadline.

9.      Once a trial date has been set, the parties should treat it as firm.  Absent extraordinary circumstances, the Court will not continue a trial date.

## CASE MANAGEMENT CONFERENCES

10.     The attorney appearing at a case management conference need not be lead counsel but must have full authority to make decisions about any issue that may come up during the conference.

11.     If the parties wish to continue a case management conference, they must file a stipulation or motion—separate from their joint case management statement—at least 72 hours prior to the conference.

## TELEPHONIC APPEARANCES

12.     Attorneys located outside the Northern District of California may arrange to participate in case management conferences by phone.  Attorneys located in the Northern District may only appear by phone with leave of the Court, which will not be granted absent a showing of good cause.  However, in the event one attorney appears by phone, all attorneys must appear by phone, and the conference will be conducted from chambers.  The Court begins conducting telephonic case management conferences at 2:30 p.m. on Tuesdays, and the parties must wait on

the line until their case is called.  Arrangements to participate by phone must be made at least

seven days in advance with Judge Chhabria's Courtroom Deputy, Kristen Melen.

13.     Any attorney who wishes to argue at a motion hearing may not appear

telephonically.  Counsel appearing telephonically may listen to the hearing, but may discuss only

scheduling matters.

14.     Counsel appearing telephonically must use a direct-dial landline.

## **DISCOVERY**

15.     Discovery disputes should be brought to the Court's attention as early as possible.

If the parties cannot resolve their discovery dispute after a good faith effort, they shall prepare

and file a joint letter of no longer than five pages stating the nature and status of their dispute.

Both sides must submit proposed orders as well.  No exhibits may be submitted with the letter

other than any discovery request or response that is the subject of the letter.  The letter must be

filed as soon as possible, but under no circumstances may it be filed more than seven days after

the applicable discovery cutoff. See Local Rule 37-3.  The side seeking relief from the Court

should prepare its portion of the letter first, and then provide that to the opposing side so that the

opposing side may prepare its response.  The party seeking relief from the Court should file the

letter.  The Court will either resolve the dispute on the papers, require the parties to appear, or

refer the case to a magistrate judge for discovery purposes.  This process does not apply to

discovery disputes with third parties.

16.     Parties requesting a protective order are encouraged to base any proposed order

on the model protective orders on the Court's website

(http://www.cand.uscourts.gov/stipprotectorder).  When filing a proposed protective order,

parties are required to indicate whether they have based their proposed order on one of the

Court's model protective orders and, if so, identifying any deviations from the model order.

## COURTESY COPIES OF FILINGS

17.     Courtesy copies of all motions, oppositions, and replies (and supporting papers) must be delivered to the Clerk's Office no later than noon on the court day following the day that the document was electronically filed.  The papers should be three-hole punched.  Note: This rule differs from Civil Local Rule 5-1(e)(7)(A).

## PROPOSED ORDERS

18.     Proposed orders are not necessary for most substantive motions, such as motions for summary judgment, motions to dismiss, or preliminary injunction motions.  The parties need only submit proposed orders in connection with administrative motions, ex parte applications, discovery disputes, and any substantive rulings that call upon the court to make factual findings (such as a motion to approve a class settlement or a motion for attorney's fees).

## BRIEFS

19.     Unless expressly permitted by the Court, briefs in support of and in opposition to all substantive motions (except for summary judgment motions, class certification motions, and motions in patent cases, as discussed below) may not exceed 15 pages, and reply briefs may not exceed 10 pages.  These page limits exclude the title page, indices of cases, table of contents, and exhibits, but not summaries of argument.

20.     When citing exhibits (including deposition testimony), briefs should identify the declaration to which the exhibit is attached, the letter or number of the exhibit, and the relevant page number.  (For example: "Smith decl., Ex. 1, at 22.")  An additional citation to the ECF docket number is optional.

21.     Motions to increase page limits will almost never be granted, but any such motion

must be filed no later than 72 hours before the brief is due.

22.     Simultaneous briefing is not permitted for any type of motion.

## SUMMARY JUDGMENT

23.     The parties need not file joint or separate statements of undisputed fact in connection with summary judgment motions.

24.     At the summary judgment hearing and/or in the briefs, the parties should not hesitate to alert the Court of the need for a prompt ruling in light of their trial preparation schedule.

25.     Unless expressly permitted by the Court, briefs in support of and in opposition to summary judgment motions cannot exceed 25 pages, and reply briefs cannot exceed 15 pages. Motions to increase page limits will almost never be granted, but any such motion must be filed no later than 72 hours before the brief is due.

26.     In the event of cross-motions for summary judgment, the parties must file a total of four briefs sequentially, rather than three pairs of simultaneous briefs. Unless the parties agree to reverse the order (which they are free to do on their own), the opening brief is filed by the plaintiff side, the opening/opposition brief is filed by the defense side, the opposition/reply is filed by the plaintiff side, and the reply is filed by the defense side. The first two briefs are limited to 25 pages, the third brief is limited to 20 pages, and the fourth brief is limited to 15 pages. The parties may submit a stipulation and proposed order setting a briefing schedule for the cross-motions, which will likely be signed so long as the fourth brief is due no later than 14 days before the hearing date.

## CLASS CERTIFICATION

27.     Briefs in support of or opposition to class certification motions cannot exceed 25

pages, and reply briefs cannot exceed 15 pages.

       28.    In connection with motions for preliminary approval of class settlements, the parties should keep the following things in mind:

      (i) The Court's scrutiny of the proposed settlement will be as rigorous at the preliminary approval stage as at the final approval stage. *See Cotter v. Lyft, Inc.*, 2016 WL 3561742, at *4 (N.D. Cal.). Any motion for preliminary approval should explain why the settlement survives this level of scrutiny, and any proposed order should recite this standard.

      (ii) If a proposed notice to class members (or prospective class members) requires a written objection as a prerequisite to appearing in court to object to the settlement, it must specify that this requirement may be excused upon a showing of good cause.

      (iii) The proposed notice should contain a description of the class members' or prospective class members' release of claims.

      (iv) If the proposed notice is not carefully written and in plain English, the Court will not approve it.

      (v) In a proposed settlement involving the distribution of money to a class, the parties should consider whether unclaimed funds should be redistributed to class members who claimed their share. If a provision of this type is absent, the parties should be prepared to explain why.

      (vi) The parties should consider whether theirs is the type of settlement that requires class members to file claims, as opposed to simply receiving checks. The motion for preliminary approval should address that issue.

## PATENT CASES

29.     Parties must follow the Local Patent Rules of the Northern District of California except when those rules conflict with this standing order.

30.     Absent a compelling reason, the Court will only conduct claim construction in conjunction with a dispositive motion.  Parties should still follow Rules 4-1 through 4-4 of the Patent Local Rules.  Rules 4-5 and 4-6, on the other hand, will give way to the details provided in the paragraphs below.

31.     The opening summary judgment (and claim construction) brief, as well as the opposition brief, cannot exceed 40 pages. The reply brief cannot exceed 20 pages.

32.     In the event of cross-motions for summary judgment, the parties must file a total of four briefs sequentially, rather than three pairs of simultaneous briefs.  Unless the parties agree to reverse the order, the opening brief is filed by the party asserting infringement, the opening/opposition brief is filed by the defense, the opposition/reply is filed by the plaintiff, and the reply is filed by the defense.  The first brief is limited to 40 pages, the second brief is limited to 50 pages, the third brief is limited to 30 pages, and the fourth brief is limited to 20 pages.

33.     If the parties believe it would be helpful for the Court, they should schedule a claim construction tutorial to occur one week prior to the claim construction/summary judgment hearing. The parties should contact Judge Chhabria's Courtroom Deputy, Kristen Melen, to schedule the tutorial.

## SOCIAL SECURITY CASES

34.     Judge Chhabria's default rule is to have hearings in Social Security cases.  The Court will schedule a hearing for its civil law and motion calendar approximately 60 days after an opposition brief is filed.  Counsel are free to meet and confer on a mutually acceptable

hearing date, and contact Kristen Melen, Judge Chhabria's Courtroom Deputy, to schedule a hearing on that date.  If, after reviewing the papers and the record, the Court decides a hearing is not necessary, it will typically notify the parties within 2-3 days of the hearing.

## HABEAS CASES

35.     Judge Chhabria's default rule is to have hearings in habeas cases where the petitioner is represented by counsel.  The Court will schedule a hearing for its civil law and motion calendar approximately 60 days after an answer is filed.  Counsel are free to meet and confer on a mutually acceptable hearing date, and contact Kristen Melen, Judge Chhabria's Courtroom Deputy, to schedule a hearing on that date.  If, after reviewing the papers and the record, the Court decides a hearing is not necessary, it will typically notify the parties within 2-3 days of the hearing.

## HEARINGS AND TENTATIVE RULINGS

36.     The Court will not ordinarily issue tentative rulings, but it typically announces its tentative thinking at the outset of the hearing.

37.     If a motion will be argued by an attorney who has five years or less of experience, counsel may notify the Courtroom Deputy of that fact within seven days of the hearing.  The Court will take this into account in deciding whether to vacate the hearing and submit the motion on the papers, putting a thumb on the scale in favor of a hearing if arguing counsel has five years or less of experience.

**IT IS SO ORDERED.**

Dated: August 22, 2016                    _____

                                                        Vince Chhabria
                                                        United States District Judge