**P O R T E R | S C O T T**

A PROFESSIONAL CORPORATION
Colleen R. Howard, SBN 257661
Amanda L. Iler, SBN 300268
Kayla K. Cox, SBN 311152
350 University Avenue, Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendant
COUNTY OF COLUSA

UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILES LEWIS, CHERI ERDELT, on behalf of themselves and all similarly situated individuals, | CASE NO. 2:16-cv-01745-VGC |
| Plaintiffs, | **DEFENDANT'S OPPOSITION AND CROSS-MOTION IN RESPONSE TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT FOR VIOLATION OF 29 U.S.C. SECTION 207** |
| v. | |
| COUNTY OF COLUSA, | Date: January 12, 2018 |
| Defendant. | Time: 8:30 a.m. |
| _____/ | Dept.: TBD |

*(Left margin, vertical text)* PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

{01749715.DOCX}
i

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................ 2

II.     STATEMENT OF FACTS .................................................................................. 2

     A.   HOLIDAY COMPENSATION FOR NON-EXEMPT COUNTY EMPLOYEES WHO WORKED ON A HOLIDAY ................................................................. 3

     B.   HOLIDAY COMPENSATION FOR NON-EXEMPT EMPLOYEES WHO DID NOT WORK ON A HOLIDAY ............................................................................ 4

     C.   THE COUNTY'S HOLIDAY PAY STRUCTURE ............................................ 4

     D.   PLAINTIFFS' MISUNDERSTANDING REGARDING THE COUNTY'S HOLIDAY PAY STRUCTURE .......................................................................... 5

     E.   CALCULATION OF THE REGULAR RATE OF PAY AND OVERTIME COMPUTATION ............................................................................................... 6

     F.   PROCEDURAL HISTORY ............................................................................... 6

III.    LEGAL STANDARD .......................................................................................... 7

IV.     ARGUMENT ....................................................................................................... 7

     A.   HOLIDAY COMPENSATION FOR NON-EXEMPT EMPLOYEES WHO WORK ON A HOLIDAY IS EXEMPT FROM THE REGULAR RATE OF PAY PURSUANT TO 29 U.S.C. SECTION 207(E)(6). ................................................. 8

     B.   HOLIDAY COMPENSATION FOR NON-EXEMPT EMPLOYEES WHO DO NOT WORK ON A HOLIDAY IS EXEMPT FROM THE REGULAR RATE OF PAY PURSUANT TO 29 U.S.C. SECTION 207(E)(2). ......................................... 9

        1.   Case Law Supports the County's Exemption of Holiday Pay from the Regular Rate of Pay .................................................................................. 10

           a)   In accordance with *Hart*, Holiday Pay was awarded "due to" the County's non-exempt employees not working on a holiday, and was only paid to individuals employed by the County at the time of the holiday, after the holiday has passed. ............................................... 11

           b)   In accordance with *Dietrick*, DSA Holiday Pay and Non-DSA Holiday Pay were awarded "due to" the County's non-exempt employees not working on a holiday, and the County did not contemplate employment-related factors in awarding such pay. .... 13

     C.   PLAINTIFFS ARE NOT ENTITLED TO LIQUIDATED DAMAGES AND A THREE-YEAR STATUTE OF LIMITATIONS UNDER THE FLSA ................. 16

V.      CONCLUSION ................................................................................................... 16

**DEFENDANT'S OPPOSITION AND CROSS-MOTION IN RESPONSE TO PLAINTIFF'S**
**MOTION FOR PARTIAL SUMMARY JUDGMENT FOR VIOLATION OF 29 U.S.C. SECTION 207**

# **TABLE OF AUTHORITIES**

**Cases**

*Alvarez v. IBP, Inc.* (9th Cir. 2003) 339 F.3d 894 ........................................................ 17

*Ballaris v. Wacker Siltronic Corp.*, 370 F.3d 901 (9th Cir. 2004) ................................. 11

*Bratt v. City of Los Angeles* (9th Cir. 1990) 912 F.2d 1066, 1071.) ............................ 17

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) ........................................................ 7

*Cleveland v. City of Los Angeles*, 420 F.3d. 981 (9th Cir. 2008) ................................... 8

*Dietrick v. Securitas Services USA, Inc.*, 50 F.Supp.3d 1265 (N.D. Cal. 2014) ............... 11, 15, 16

*Hart v. City of Alameda,* 2009 WL 1705612 (N.D. Cal. June 17, 2009) ................. 11, 12, 13, 16

*Idaho Sheet Metal Workers, Inc. v. Wirtz*, 383 U.S. 190 (1996) .................................... 8

*Imada v. City of Hercules*, 138 F.3d 1294 (9th Cir. 1998) ............................................. 8

*Local 246 Util. Workers Union of Am. v. S. California Edison Co.*, 83 F.3d 292 (9th Cir. 1996) . 11

*Walling v. Harnischfeger Corp.,* 325 U.S. 427 (1945) ................................................. 8

**Statutes**

29 C.F.R. § 778.203 ........................................................................................................ 9

29 C.F.R. § 778.203(d) ................................................................................................ 8, 9

29 C.F.R. § 778.205 ........................................................................................................ 9

29 C.F.R. § 778.218(a) .................................................................................................. 10

29 U.S.C. § 207 ............................................................................................................... 2

29 U.S.C. § 207(a)(1) ...................................................................................................... 7

29 U.S.C. § 207(e) ....................................................................................................... 7, 8

29 U.S.C. § 207(e)(1)-(8) ............................................................................................... 7

29 U.S.C. § 207(e)(2) ............................................................................ 10, 11, 12, 13

29 U.S.C. § 207(e)(6) ...................................................................................................... 8

29 U.S.C. § 260 ............................................................................................................. 17

29.C.F.R. § 778.218(a) ................................................................................................. 16

C.F.R. § 778.224 ............................................................................................................. 7

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

{01749715.DOCX}

iii

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA  95825
TEL. 916.929.1481
FAX: 916.927.3706

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 12, 2018 at a time and in a courtroom to be determined located at 501 I Street, Sacramento, California, pursuant to Fed. R. Civ. P. 56, Local Rule 56 of the Northern District of California, and Judge Vince Chhabria's Standing Order in Civil Cases, Defendant COUNTY OF COLUSA (hereafter "County") will oppose Plaintiffs' Motion for Partial Summary Judgment (Doc. No. 64) (hereafter "Plaintiffs' Motion") and cross-move for summary judgment as to the first, and only remaining, claim in Plaintiffs' Amended Complaint (Doc. No. 57) (hereafter "the Operative Complaint") alleging that the County violated 29 U.S.C. section 207[1] by excluding holiday pay in the calculation of Plaintiffs' regular rate and overtime rate of compensation.[2]

The County's cross-motion is based upon this Notice of Motion and Memorandum of Points and Authorities, the Appendix of Exhibits filed herewith, all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court at the time of the hearing.

In accordance with Section 5 of this Court's Order (Doc. No. 8) and the parties' discussions with the Court at the last Case Management Conference, the parties have met and conferred and agreed that this matter should be heard in Sacramento. The parties understand that the Court will notify them of the date and time of the hearing, and that the hearing can be vacated if the Court determines that the motions can be decided on the papers.

## STATEMENT OF RELIEF SOUGHT

Pursuant to Fed. R. Civ. P. 56, the County hereby requests that the Court deny Plaintiffs' Motion for Partial Summary Judgment, and instead grant the County's Cross-Motion for Summary Judgment as to the only remaining claim asserted by Plaintiffs in the Operative Complaint.

## STATEMENT OF ISSUE TO BE DECIDED

Whether Plaintiffs or the County are entitled to summary judgment on Plaintiffs' first, and only remaining, claim asserted in the Operative Complaint for violation of 29 U.S.C. section 207,

---

[1] All statutory references to 29 U.S.C. section 207 will be abbreviated to the section number itself.

[2] Plaintiffs' second claim against the County, alleging that the County violated 29 U.S.C. section 207 by failing to include health *in lieu* payments in the calculation of similar situated individuals' regular and overtime compensation, was dismissed. (Doc. No. 61.)

{01749715.DOCX}

**DEFENDANT'S OPPOSITION AND CROSS-MOTION IN RESPONSE TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT FOR VIOLATION OF 29 U.S.C. SECTION 207**

where it is undisputed that the County did not include holiday pay in its regular rate calculation.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiffs MILES LEWIS and CHERI ERDELT (hereafter "Plaintiffs") are current non-exempt employees of Defendant COUNTY OF COLUSA. They filed this action based on the erroneous belief that the County's exclusion of holiday pay from its calculation of its non-exempt employees' regular rate of pay violates the Fair Labor Standards Act ("FLSA") codified in 29 U.S.C. section 207. (*See* Plaintiffs' Amended Complaint (hereafter "the Operative Complaint"), Doc. No. 57.) Since Plaintiffs and the County agree that holiday pay was excluded from the regular rate of pay, there are no genuine disputes as to any material facts. Plaintiffs moved for Partial Summary Judgment (hereafter "Plaintiffs' Motion") (Doc. No. 64) as to the issue of holiday pay, and the County now files this Opposition and Cross-Motion in Response.

Under the FLSA, an employer's calculation of the regular rate of pay for the purposes of overtime computation must include all types of remuneration for employment, except for those explicitly excluded from the regular rate of pay calculation pursuant to the eight exceptions laid out in 29 U.S.C. section 207(e). The holiday pay issued to the County's non-exempt employees falls within two of the 29 U.S.C. section 207(e) exceptions, and thus, the County properly excluded holiday pay from its regular rate calculations. Accordingly, the County—not Plaintiffs—is entitled to summary judgment as a matter of law.

### II.   STATEMENT OF FACTS

The County currently employs approximately 390 employees. (Exhibit. 1, Declaration of Holly Gallagher (hereafter "Exh. 1, Gallagher Decl.") at ¶ 2.) All non-exempt employees are members of one of four collective bargaining units: (1) the Colusa County Deputy Sheriff's Association (hereafter "DSA"); (2) the Colusa County Employees' Association (Professional-Administrative Bargaining Unit) (hereafter "CCEA-Professional"); (3) the Colusa County Employees' Association (Confidential Bargaining Unit) ("CCEA-Confidential"); and (4) the Colusa County Employees' Association (Miscellaneous Bargaining Unit) ("CCEA-Miscellaneous"). (*Id.*) Each of these collective bargaining units entered into Memoranda of Understanding (hereafter

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

"MOU") with the County, which addressed the issue of holiday pay to non-exempt employees. (Exh. 1, Gallagher Decl. at ¶¶ 2-7; Exhibit 2, the MOU between the County and the DSA, term July 1, 2012 to December 31, 2015 (hereafter "Exh. 2, DSA MOU (2012)"); Exhibit 3, the MOU between the County and the DSA, term January 1, 2016 to September 30, 2019 (hereafter "Exh. 3, DSA MOU (2016)"); Exhibit 4, the MOU between the CCEA-Professional and the County, term July 1, 2012 through December 31, 2015 (hereafter "Exh. 4, CCEA-Professional MOU (2012)"); Exhibit 5, the MOU between the CCEA-Professional and the County, term January 1, 2016 to September 30, 2019 (hereafter "Exh. 5, CCEA-Professional MOU (2016)"); Exhibit 6, the MOU between the CCEA-Confidential and the County, term July 1, 2012 through December 31, 2015 (hereafter "Exh. 6, CCEA-Confidential MOU (2012)"); Exhibit 7, the MOU between the CCEA-Confidential and the County, term January 1, 2016 to September 30, 2019 (hereafter "Exh. 7, CCEA-Confidential MOU (2016)"); Exhibit 8, the MOU between the CCEA-Miscellaneous and the County, term July 1, 2012 through December 31, 2015 (hereafter "Exh. 8, CCEA Miscellaneous MOU (2012)"); Exhibit 9, the MOU between the CCEA-Miscellaneous and the County, term January 1, 2016 to September 30, 2019 (hereafter "Exh. 9, CCEA Miscellaneous MOU (2016)").)

Pursuant to the foregoing MOUs, at all times relevant to the subject litigation, the County's non-exempt employees received compensation for the holidays specifically enumerated in sections 45.8.3-45.8.3.3 of the County of Colusa Personnel Code. (Exh. 1, Gallagher Decl. at ¶ 8; Exhibit 10, sections 45.8.3-45.8.3.3 of the County of Colusa Personnel Code (hereafter "Exh. 10, Personnel Code").) The method by which an employee was compensated for a holiday was determined by whether the employee worked on that particular holiday. (Exh. 1, Gallagher Decl. at ¶ 9.)

## A.   HOLIDAY COMPENSATION FOR NON-EXEMPT COUNTY EMPLOYEES WHO WORKED ON A HOLIDAY

For the County's non-exempt employees who were members of the DSA (hereafter "DSA members"), if they worked on a holiday, they received pay for any hours worked on the holiday at their regular rate of pay (plus premium overtime, if applicable) (hereafter cumulatively "Time-Worked Pay"). (Exh. 1, Gallagher Decl. at ¶ 10.) The DSA member also received the equivalent of eight hours of his or her regular rate of pay for working the holiday (hereafter "DSA Holiday Pay").

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

{01749715.DOCX}

3

(*Id.*) Put simply:

> **Holiday compensation for DSA members who worked on holiday =**
> *["DSA Holiday Pay" of 8 hours at regular rate of pay]* + *[Pay for any hours worked on the holiday at regular rate of pay]* + *[Premium overtime worked on the holiday, if applicable]*

For the County's non-exempt employees who were not members of the DSA (hereafter "non-DSA members"), if they worked on a holiday, they received Time-Worked Pay, pay for any hours worked on the holiday at their regular rate of pay (plus premium overtime, if applicable). (Exh. 1, Gallagher Decl. at ¶ 11.) The non-DSA members also received the equivalent of eight hours of his or her straight time pay for working the holiday (hereafter "Non-DSA Holiday Pay"). (*Id.*) Put simply:

> **Holiday compensation for non-DSA members who worked on holiday =**
> *["Non-DSA Holiday Pay" of 8 hours of straight time pay]* + *[Pay for any hours worked on the holiday at regular rate of pay]* + *[Premium overtime worked on the holiday, if applicable]*

**B.     HOLIDAY COMPENSATION FOR NON-EXEMPT EMPLOYEES WHO DID <u>NOT</u> WORK ON A HOLIDAY**

If a DSA member did <u>not</u> work on a holiday, the DSA member only received DSA Holiday Pay (the equivalent of eight hours of their regular rate of pay). (Exh. 1, Gallagher Decl. at ¶ 12.) Put simply:

> **Holiday compensation for DSA members who did <u>not</u> work on a holiday=**
> *["DSA Holiday Pay" of 8 hours regular rate of pay]*

If a non-DSA member did <u>not</u> work on a holiday, the non-DSA member only received Non-DSA Holiday Pay (the equivalent of eight hours of their straight time pay). (Exh. 1, Gallagher Decl. at ¶ 13.) Put simply:

> **Holiday compensation for non-DSA members who did <u>not</u> work on a holiday=**
> *["Non-DSA Holiday Pay" of 8 hours of straight time pay]*

**C.     THE COUNTY'S HOLIDAY PAY STRUCTURE**

DSA members received DSA Holiday Pay in two lump-sum payments, distributed in June

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

and November. (Exh. 1, Gallagher Decl. at ¶ 14.) These lump-sum payments compensated DSA members for holidays which occurred since the last DSA Holiday Pay distribution for the period the DSA member was actually employed by the County. (*Id.*) For example, a November 2017 DSA Holiday Paycheck included payment for holidays that fell between July 2017 and November 2017. (*Id.*) However, if a DSA Member began their employment with the County in August 2017, their November 2017 DSA Holiday Paycheck only included compensation for holidays that occurred between August 2017 and November 2017. (*Id.*)

Non-DSA members received Non-DSA Holiday Pay during the pay period in which the holiday actually occurred. (Exh. 1, Gallagher Decl. at ¶ 15.) Since Non-DSA members were paid monthly, this meant that they received their Non-DSA Pay in their regular paycheck at the end of the month in which the holiday occurred. (*Id.*)

For both DSA members and Non-DSA members, Time-Worked Pay was distributed to an employee during the pay period in which the work actually occurred. (Exh. 1, Gallagher Decl. at ¶ 16.) Since the County's employees were paid monthly, this meant that they received their Time-Worked pay in their regular paycheck at the end of the month in which the holiday on which they worked occurred. (*Id.*)

## D.    PLAINTIFFS' MISUNDERSTANDING REGARDING THE COUNTY'S HOLIDAY PAY STRUCTURE

Plaintiffs' Motion erroneously describes the County's Holiday Pay structure as one in which all of the County's non-exempt employees—both DSA members and non-DSA members—received their Holiday Pay biannually in two lump-sum payments:

> …there is not a meaningful connection between the payments the County's [*sic*] has labeled "holiday in lieu" and the pays in biannual lump sums to the period of non-work…The only requirement for the payments to be made is for the employee to reach the June or November pay period...

(Docket No. 64, 10:14-17.)

As a preliminary matter, it should be made clear that DSA members were the *only* non-exempt County employees who received two lump-sum payments of compensation for holiday.

**DEFENDANT'S OPPOSITION AND CROSS-MOTION IN RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT FOR VIOLATION OF 29 U.S.C. SECTION 207**

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

(Exh. 1, Gallagher Decl. at ¶ 14.) All other non-exempt County employees received their Holiday Pay during the monthly pay period in which the holiday(s) actually occurred. (*Id.* at ¶ 15.) That fact aside, it should also be made clear that Plaintiffs ignore the existence of several requirements that must have been met in order for DSA members to have received a lump-sum DSA Holiday Payment. (*Id.* at ¶ 17.) First, a DSA member must have actually been employed by the County at the time of the holiday in order to have received compensation for the holiday. (*Id.*) Second, a DSA member only received DSA Holiday Pay for those holidays that occurred since the last Holiday Payment. (*Id.*) In other words, the cumulative DSA Holiday Payments compensated the DSA members for holidays that occurred *retrospectively* instead of *prospectively*. (*Id.*)

**E.     CALCULATION OF THE REGULAR RATE OF PAY AND OVERTIME COMPUTATION**

The parties agree that the County did not include Holiday Pay in the regular rate calculation for any of its non-exempt employees. (*See* Doc. No. 57 ("The County does not include [holiday pay] in the calculation of the 'regular rate' of pay for Plaintiffs and similarly situated individuals."); *see also* Exh. 1, Gallagher Decl. at ¶ 19 ("The County did not include Non-DSA Holiday Pay, DSA Holiday Pay, or Time-Worked Pay in its regular rate calculations").) Generally, the County's non-exempt employees were eligible to receive premium overtime compensation at a rate of one and one-half times their regular rate of pay for each hour worked in excess of 40 hours within a seven day period. (Exh. 1, Gallagher Decl. at ¶ 20.)

**F.     PROCEDURAL HISTORY**

Plaintiffs filed the Operative Complaint on September 11, 2017, and alleged two causes of action. (Doc. No. 57.) In the first cause of action, Plaintiffs claimed that the County's exclusion of Holiday Pay in the regular rate of pay violated the FLSA. (*Id.*)  Plaintiffs' second cause of action alleged that the County failed to include health in lieu payments in the regular rate of pay in violation of the FLSA. (*Id.*) Plaintiffs dismissed the second cause of action pertaining to health in lieu pay. (Doc. 61.) Therefore, the exclusion of Holiday Pay is the only issue remaining before this Court.

On November 16, 2017, Plaintiffs filed a Motion for Partial Summary Judgment as to the issue of Holiday Pay. (Doc. No. 64.) Plaintiffs' Motion erroneously argues that the Holiday

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA  95825
TEL. 916.929.1481
FAX. 916.927.3706

Payments issued to non-exempt County employees do not fall within any of the eight exemptions specified in the FLSA. (*Id.*) The motion further erroneously argues that the County's Holiday Pay is actually a non-exempt, non-discretionary bonuses that must be included in its regular rate of pay calculations. (*Id.*) In response, the County now files this Opposition to Plaintiffs' Motion for Partial Summary Judgment and Cross-Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment.

## III.    LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that summary judgment must be granted where "there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment should be entered if the opposing party fails to make a showing sufficient to establish the existence of an essential element of their case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial…, a summary judgment motion may be properly made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.*

## IV.    ARGUMENT

The FLSA requires employers to pay non-exempt employees overtime for hours worked in excess of forty hours in a workweek at a rate that is at least one and one-half times the employee's "regular rate" of pay. 29 U.S.C. § 207(a)(1). The "regular rate" must account for "all remuneration." 29 U.S.C. § 207(e); C.F.R. § 778.224. Eight types of remuneration are specifically excluded from the regular rate calculation. 29 U.S.C. § 207(e)(1)-(8). The employer bears the burden of showing that a particular exemption applies. *Idaho Sheet Metal Workers, Inc. v. Wirtz*, 383 U.S. 190, 206 (1996). In determining whether a payment falls within an exemption, the Court must look to the character of the payment, not its label. *See Walling v. Harnischfeger Corp.*, 325 U.S. 427, 430 (1945). The exemptions to the FLSA must be "narrowly construed." *Cleveland v. City of Los Angeles*, 420 F.3d. 981, 988 (9th Cir. 2008). In the instant case, Holiday Pay issued to the County's non-exempt employees fall within two specific exemptions under 29 U.S.C. section 207(e).

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

## A.  HOLIDAY COMPENSATION FOR NON-EXEMPT EMPLOYEES WHO WORK ON A HOLIDAY IS EXEMPT FROM THE REGULAR RATE OF PAY PURSUANT TO 29 U.S.C. SECTION 207(E)(6).

The FLSA specifically excludes from the regular rate of pay:

> extra compensation provided by a *premium rate paid for work by the employee on* Saturdays, Sundays, *holidays*, or regular days of rest, or on the sixth or seventh day of the workweek, *where such premium rate is not less than one and one-half times the rate* established in good faith for like work performed in nonovertime hours on other days[.]

29 U.S.C. § 207(e)(6) (emphasis added).

Department of Labor (hereafter "DOL") Regulation 29 C.F.R. section 778.203(d) analyzes the 29 U.S.C. section 207(e)(6) exemption. DOL regulations are generally entitled to "great deference" and are presumed to be valid unless they are proven to be erroneously in conflict with underlying law. *See Imada v. City of Hercules*, 138 F.3d 1294, 1297 (9th Cir. 1998). With regard to the 29 U.S.C. section 207(e)(6), the DOL explained that extra compensation provided at a premium rate of at least one and one-half times the regular rate of pay may be treated as an overtime premium and excluded from the regular rate of pay. 29 C.F.R. § 778.203. To qualify for this exemption, the premium must be paid because work is performed on a holiday. 29 C.F.R. § 778.203(d).

The DOL provided the following example to clarify the subject: suppose an employee who regularly earns $5.00 per hour is eligible to receive $7.50 per hour for all hours worked on holidays or on Sundays. 29 C.F.R. § 778.205. Further suppose the employee's workweek begins at 12:01 a.m. Sunday, and they work 8 hours per day, Sunday through Saturday for a 56 hour workweek. 29 C.F.R. § 778.205. Tuesday is a holiday. 29 C.F.R. § 778.205. Therefore, the employee receives $60.00 for work on Sunday, $60.00 for work on Tuesday, and $40.00 per day for working Monday, Wednesday, Thursday, Friday, and Saturday. 29 C.F.R. § 778.205. The employee's total pay for the week is $320.00. 29 C.F.R. § 778.205. The employer may exclude from the regular rate of pay the extra $20.00 paid for work on Sunday and the holiday. 29 C.F.R. § 778.205.

In the instant case, all non-exempt County employees who worked on a holiday were compensated for their time worked, in addition to receiving eight hours of DSA Holiday Pay or

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

{01749715.DOCX}

8

Non-DSA Holiday Pay. (<u>Exh. 1</u>, Gallagher Decl. at ¶ 21.) This means that non-exempt County employees were paid *at least* one and one half times their regular rate of pay if they worked on a holiday. (*Id.*) For example, if an employee earned $10.00 per hour and worked one hour on a holiday, they would receive $80.00 in Holiday Pay plus $10.00 in Time-Worked Pay. (*Id.*) Essentially, the employee would be earning $90.00 for working one hour, well in excess of the one and one half premium required by the exemption. (*Id.*) Regardless of whether an employee worked one hour or 24 hours on a holiday, they would always receive at least one and one-half times their regular rate. (*Id.* at ¶¶ 21-25.) Since non-exempt employees are always compensated in excess of one and one-half times their regular rate of pay, that premium compensation falls within the exemption embodied in 29 U.S.C. section 207(e)(6), and as such, is properly excluded from regular rate calculations.

**B.**     **HOLIDAY COMPENSATION FOR NON-EXEMPT EMPLOYEES WHO DO <u>NOT</u> WORK ON A HOLIDAY IS EXEMPT FROM THE REGULAR RATE OF PAY PURSUANT TO 29 U.S.C. SECTION 207(E)(2).**

The FLSA excludes from the regular rate of pay:
*payments made for occasional periods when no work is performed due to* vacation, *holiday*, illness, failure of the employer to provide sufficient work, or other similar cause; reasonable payments for traveling expenses, or other expenses, incurred by an employee in the furtherance of his employer's interests and properly reimbursable by the employer; and other similar payments to an employee which are not made as compensation for his hours of employment[.]

29 U.S.C. § 207(e)(2) (emphasis added). The DOL explained that payment for periods where the employee does not work due to a holiday, and where the payments are in amounts approximately equivalent to the employee's normal earnings for a similar period of time are *not* made as compensation for hours of employment. 29 C.F.R. § 778.218(a). Those types of payments are *properly excluded* from the regular rate of pay. *Id.*

In this case, the County pays DSA members DSA Holiday Pay (the equivalent of eight hours of time at their regular rate of pay) and non-DSA members Non-DSA Holiday Pay (the equivalent of eight hours of straight time pay) in lieu of the employees working on the holiday. (<u>Exh. 1</u>, Gallagher Decl. at ¶¶ 10 and 11.) These payments are specifically made for employees who are <u>not</u> performing any work due to a holiday. (*Id.*) Additionally, the amount paid to the employee is the

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

regular rate or straight time pay they would have received if they had been working on a non-holiday. (*Id.*) Thus, the amount paid to the County's non-exempt employees in lieu of working on a holiday clearly falls within the plain language of the 29 U.S.C. section 207(e)(2) exemption and is properly excluded from the regular rate of pay.

### 1. Case Law Supports the County's Exemption of Holiday Pay from the Regular Rate of Pay

There are few cases which specifically describe those payments that are properly excluded from regular rate of pay calculations pursuant to section 207(e)(2). *See Ballaris v. Wacker Siltronic Corp.*, 370 F.3d 901, 909 (9th Cir. 2004) (reasoning that payments for lunch periods were properly excluded pursuant to section 207(e)(2) because non-exempt employees did not work during the subject lunch periods). Similarly, there are few cases describing what types of payments were improperly excluded from regular rate of pay. *See Local 246 Util. Workers Union of Am. v. S. California Edison Co.*, 83 F.3d 292, 295 (9th Cir. 1996) (reasoning that supplemental disability payments were not exempt because such payments compensated for hours of employment, as they, by definition, "supplement" the regular wage paid for work performed); *Hart v. City of Alameda,* 2009 WL 1705612 (N.D. Cal. June 17, 2009) (hereafter "*Hart*") (holding that in order to fall within the exemption, holiday pay must actually be "due to" holiday); *Dietrick v. Securitas Services USA, Inc.*, 50 F.Supp.3d 1265 (N.D. Cal. 2014) (hereafter "*Dietrick*") (upholding the "due to" test from *Hart*).

*Hart*, 2009 WL 1705612 and *Dietrick,* 50 F.Supp.3d 1265 are the most instructive from this extremely limited universe of case law, and together they set forth the rule that payments made to an employee as compensation for a holiday on which the employee does <u>not</u> work must actually be "due to" the employee <u>not</u> working on the holiday in order to be exempt from regular rate calculations pursuant to 29 U.S.C. section 207(e)(2). Compensation labeled "holiday pay" but awarded regardless of whether an employee works on a holiday, regardless of whether a holiday actually occurs during an employee's period of employment, or that contemplates employment-related factors such as years of service, the number of hours worked in the immediately preceding year, and/or the most frequent rate of pay during the year, is not truly "due to" holiday, and is not

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

1    exempt from the regular rate of pay under 29 U.S.C. section 207(e)(2). *Id.*

2
    a)    **In accordance with *Hart*, Holiday Pay[3] was awarded "due to"**
3          **the County's non-exempt employees _not_ working on a holiday,**
          **and was only paid to individuals employed by the County at the**
4          **time of the holiday, after the holiday has passed.**

5        In *Hart*, employees received "additional compensation" over their regular rate of pay for

6    employer-sanctioned holidays. *Hart v. City of Alameda*, 2009 WL 1705612 (N.D. Cal. Jun. 17,

7    2009). The "additional compensation" amounted to the straight time daily rate of 1/14.44 of the

8    employees' regular salaries, and was paid to the employees on a biweekly basis. *Id.* at *1. In other

9    words, the employer calculated the total number of holidays in the year, multiplied that number by

10   the employee's straight time daily rate, and then spread that amount over every pay period. *Id.* As

11   such, the additional compensation was awarded (1) regardless of whether the holiday occurred

12   during the employee's period of employment and (2) regardless of whether the employee worked

13   or did not work the employer sanctioned holidays. *Id.* The *Hart* court acknowledged that, typically,

14   the FLSA specifically excludes compensation for holidays from the regular rate of pay. *Hart*, 2009

15   1705612 at * 1; *see* 29 U.S.C. § 207(e)(2). The court explained that the section 207(e)(2) exemption

16   is more specially for compensation "due to" an employee _not_ working on a holiday. *Hart*, 2009 WL

17   1705612 at *2-3. In *Hart*, not only was the additional compensation not actually "due to" an

18   employee _not_ working on a holiday, but it did not bear any relationship whatsoever to the employer

19   sanctioned holidays because depending on when an employee was hired, the employee could be

20   under or overcompensated for the holidays that actually occurred during his or her period of

21   employment. *Id.*

22       The court provided the following example to illustrate why the payments at issue were not

23   "due to" an employee _not_ working on a holiday within the meaning of the section 207(e)(2)

24   exemption:

25       [A]ssuming there are thirteen holidays per year recognized by the City, each with a
        value of $100, the total value of the year's holidays would be $1300; if there are
26       twenty-six pay periods per year, the Additional Compensation received each pay
        period would be $50. Thus, an employee who works the full year would under the
27

28
---
[3] For the purposes of this section, "Holiday Pay" refers only to compensation for holidays on which an employee does _not_ work.
{01749715.DOCX}

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

City's theory, be entitled to a total of $1300 "due to" the thirteen holidays that occurred during his employment, and, over the course of the year, he would in fact receive precisely $1300 in Additional Compensation. [¶] An employee who begins his employment in October and works through December, however, assuming one holiday in October (Columbus Day), two in November (Veteran's Day and Thanksgiving), and one in December (Christmas), would, under the City's theory, be entitled to a total of $400 for the value of the holidays that occurred during his employment, yet he would in fact receive only $300 in Additional Compensation over the six pay periods during which he worked. Conversely, an employee who works only the months of March through May, assuming no holidays in March or April and one in May (Memorial Day), would, under the City's theory, be entitled to only $100 but, like the employee who works from October through December, would receive $300 in Additional Compensation. Under such circumstances, the Court is not persuaded that any of the Additional Compensation payments constitute a payment made "due to" a holiday.

(*Hart,* WL 1705612 at *2-3.) As demonstrated by the example above, there was no relationship between the employee <u>not</u> working on a holiday and the payment provided to the employee. Therefore, the additional payments in *Hart* did not fall within the 29 U.S.C. section 207(e)(2) exemption and, consequently, should have been included in the regular rate of pay.

Unlike the employees in *Hart*, the DSA Members only receive DSA Holiday Pay and the Non-DSA members only receive Non-DSA Holiday Pay for holidays that actually occurred during their employment period on which they did <u>not</u> work. (<u>Exh. 1</u>, Gallagher Decl. at ¶¶ 10 and 11.) The only differences between the County's payment of compensation to DSA members and Non-DSA member for holidays on which they do *not* work is that (1) DSA members receive DSA Holiday Pay while Non-DSA members receive Non-DSA Holiday Pay and (2) period during which the holiday pay is disbursed. (*Id.* at ¶¶ 10-15.)

DSA members received DSA Holiday Pay in two lump-sum payments, distributed in June and November. (<u>Exh. 1</u>, Gallagher Decl. at ¶ 14.) The June cumulative payment compensated the employee at a rate of eight hours at the regular rate of pay for each holiday which occurred since the last cumulative, lump-sum November payment. (*Id.*) Similarly, the November cumulative payment compensated an employee at a rate of eight hours of their regular rate of pay for each holiday since the last June cumulative payment. (*Id.*) This means that if a DSA member started working for the County on May 1 and did <u>not</u> work any holidays, the employee's June cumulative

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA  95825
TEL. 916.929.1481
FAX: 916.927.3706

{01749715.DOCX}

12

1   payment of DSA Holiday Pay compensated the DSA member for the sole holiday which occurred

2   between May and June (Memorial Day). (*See id*.) On the other hand, if the DSA member began

3   working for the County on February 1 and did not work any holidays, the employee's June

4   cumulative payment of DSA Holiday Pay compensated the employee for eight hours at their regular

5   rate of pay for four holidays (Lincoln' Day, Presidents' Day, Cesar Chavez Day, and Memorial

6   Day). (*See Id*.)

7       Conversely, non-DSA members received their Non-DSA Holiday Pay during the pay period

8   in which the holiday occurred. (<u>Exh. 1</u>, Gallagher Decl. at ¶ 15.) Since non-DSA members were

9   paid monthly, they received their Non-DSA Holiday Pay in their regular paycheck at the end of the

10  month in which the holiday occurred. (*Id*.) This means that if non-DSA member did <u>not</u> work on

11  Memorial Day, the employee's May paycheck included the equivalent of eight hours of their regular

12  rate of pay for one holiday (Memorial Day). (*See Id*.) Unlike the situation in *Hart*, the other holidays

13  that occurred throughout the year would have no effect whatsoever on the non-DSA member's May

14  paycheck in this example. (*See Id*.)

15      As demonstrated by the examples above, and in contrast to the payments in *Hart*, the County

16  only compensates its non-exempt employees for holidays which actually occurred during the

17  employees' course of employment. (*See* <u>Exh. 1</u>, Gallagher Decl. at ¶¶ 10-14.) Additionally,

18  compensation for those holidays is specifically triggered by, and paid after the holiday has occurred.

19  (*Id*.) Unlike the situation in *Hart*, the County's structure for compensation for holidays on which a

20  non-exempt employee does *not* work leaves *no* risk of under or overcompensation for holidays.

21  Accordingly, under *Hart*, the County's compensation for holidays on which a non-exempt employee

22  does *not* work is appropriately exempt from the regular rate of pay pursuant to section 207(e)(2).

b)      **In accordance with *Dietrick*, DSA Holiday Pay and Non-DSA**
23          **Holiday Pay were awarded "due to" the County's non-exempt**
24          **employees <u>not</u> working on a holiday, and the County did not**
25          **contemplate employment-related factors in awarding such pay.**

26      Like *Hart, Dietrick* supports the exclusion of Holiday Pay from the regular rate. Dietrick, 50

27  F.Supp.3d 1265.  While the court in *Dietrick* analyzed vacation pay instead of holiday pay, it

28  provided another example of how a label is not dispositive.

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

In *Dietrick,* the employees did not receive any pay while on vacation. *Dietrick,* 50 F.Supp.3d at 1267. The vacation payment plan provided:

> Payment of Vacation Pay. A Contract Services Employee *shall not receive any pay during his vacation.* Rather, all vacation pay benefits shall be paid annually in a lump sum as soon as possible following the Contract Services Employee's Anniversary Date.

*Id.* (quoting the employee vacation payment plan at issue in the case). To be eligible for annual payments under the plan, an employee must have worked at least 1560 hours in the preceding year. *Id.* at 1268. Payments were issued on the employee's anniversary date unless the employee was terminated, in which case the employee did not receive any payments under the plan for that year. *Id.*

The court in *Dietrick* held that the vacation pay was not exempt from the regular rate of pay under 29 U.S.C. section 207(e)(2) but was instead a non-exempt, non-discretionary bonus for the following reasons. *Dietrick,* 50 F.Supp.3d 1265, 1270. First, the payments at issue were not made based on vacation periods when no work was performed. *Id.* Rather, they were made based on employment-related factors: (1) the employee's years of service, (2) the number of hours worked in the immediately preceding year, and (3) the employee's most frequent rate of pay during the year. *Id.* The court commented, "[i]ndeed the payments at issue were completely blind as to whether an employee actually took vacation time." *Id.* Second, the vacation pay was "not made as compensation for [ ] hours of employment," pursuant to the applicable DOL regulation. *Id.* at 1271 (citing 29.C.F.R. § 778.218(a)). The court explained that the vacation payments at issue had "no connection to time spent *not* working 'due to' vacation, but they [did] have a direct relationship to the time that an employee worked." *Id.* The court further explained, "[i]ndeed, one of the factors used to determine the payment amount is the number of hours that the employee worked in the preceding year." *Dietrick,* 50 F.Supp.3d 1265, 1271. Third, the label "vacation pay" was nothing more than a label, in violation of *Hart,* 2009 WL 1705612. *Id.* at 1272. According to the court, despite their label, the vacation pay at issue had "no meaningful connection to when or if employees took vacation; they are based instead on hours worked and on whether the employee made it to his employment anniversary." *Id.* The court emphasized that "the payments at issue are based on the

**DEFENDANT'S OPPOSITION AND CROSS-MOTION IN RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT FOR VIOLATION OF 29 U.S.C. SECTION 207**

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706

number of hours and total number of years the employee worked, not on idle time. *Id.* Notably, the court did not decide that the vacation payments were non-exempt discretionary bonuses because they were paid out in lump-sum payments. (*Id.*) Instead, it decided that the vacation payments were non-exempt, non-discretionary bonuses because the employment-related factors upon which the amount of vacation pay was determined. (*Id.*)

Plaintiffs' attempt to analogize the County's Holiday Pay to the vacation payments in *Dietrick* and argue that the County's compensation for holidays that non-exempt employees did *not* work actually constitutes a non-exempt, non-discretionary bonus. (Doc. No. 64.) This is incorrect. In the instant case, the only factor the County considered in awarding compensation for holidays that non-exempt employees did *not* work is whether an employee worked on a holiday. (Exh. 1, Gallagher Decl. at ¶¶ 10-13 and 17.) If a DSA member is does *not* work on a holiday, the DSA member is awarded DSA Holiday pay for that holiday. (*Id.* at ¶ 12.) If a non-DSA member does *not* work on a holiday, the non-DSA member is awarded Non-DSA Holiday Pay for that holiday. (*Id.* at ¶ 13.)

Once it has been determined that a non-exempt County employee did not work on a holiday and therefore is entitled to either DSA Holiday Pay or Non-DSA Holiday Pay, the non-exempt County employee is simply awarded eight hours at their regular rate of pay or eight hours of straight time pay for that holiday. (Exh. 1, Gallagher Decl. at ¶¶ 10 and 11.) Therefore, unlike in *Dietrick*, the amount of pay is not based on employment related factors such as years of service, the number of hours worked in the immediately preceding year, and/or the most frequent rate of pay during the year. (*See id.*) Because the County's compensation for holidays that non-exempt employees did *not* work is directly tethered to an employee not working on a holiday and the amount is simply eight hours at the employee's regular rate of pay or eight hours of straight time pay as opposed to an amount based on employment-related factors, unlike the vacation pay in *Dietrick*, the characterization of the County's Holiday Pay actually aligns with its label.

Unlike the payments in *Dietrick* that had no relationship to time off work due to vacation and that were actually due to employment-related factors, the County's DSA Holiday Pay and Non-DSA Holiday Pay is actually "due to"—and only "due to"—holidays for which a non-exempt

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA  95825
TEL. 916.929.1481
FAX: 916.927.3706

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

employee does not work. In sum, based on the plain language of section 207(e)(2), the applicable DOL regulation, and the limited case law interpreting the exemption, the holiday pay the County awards to its non-exempt employees for the second scenario fall squarely within the section 207(e)(2) exemption and, as a result, is properly excluded from the County's regular rate calculations.

## C.    PLAINTIFFS ARE <u>NOT</u> ENTITLED TO LIQUIDATED DAMAGES AND A THREE-YEAR STATUTE OF LIMITATIONS UNDER THE FLSA

Under the FLSA, if an employer shows that it acted in "good faith" and that it had "reasonable grounds" to believe that its actions did not "willfully" violate the Act, "the court may, in its sound discretion, award no liquidated damages." 29 U.S.C. section 260; *see Alvarez v. IBP, Inc.* (9th Cir. 2003) 339 F.3d 894, 910. Whether the employer acted in good faith and whether it had objectively reasonable grounds for its action are mixed questions of fact and law. (*Bratt v. City of Los Angeles* (9th Cir. 1990) 912 F.2d 1066, 1071.) Additionally, when an employer "willfully" violates the Act, an employee may be entitled to a three year statute of limitations. As outlined in this motion, the County acted in "good faith" and had "reasonable grounds" to believe that its compensation for holidays fell within two of the section 207(e) exemptions. Further, the County in no way "willfully" violated the Act. Instead, the County believed—and still believes—that its compensation for holidays was in compliance with the Act. Thus, Plaintiffs are not entitled to liquidated damages or a three year statute of limitations.

## V.    CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court deny Plaintiffs' Motion for Partial Summary Judgment on their first, and only remaining, claim regarding holiday pay. The County also respectfully requests the Court grant Defendants' Cross-Motion for Summary Judgment based on this claim and enter a judgment in their favor.

///

///

///

///

1     In the even that this Court grants Plaintiffs' Motion for Partial Summary Judgment, the

2  County respectfully requests the Court find that the County did not willfully or maliciously violate

3  section 207(e) and, therefore, that Plaintiffs are not entitled to liquidated damages.

4

5  Dated:  December 6, 2017                    PORTER SCOTT
                                              A PROFESSIONAL CORPORATION
6

7                                             By    *//ss//Colleen R. Howard*
8                                                  Colleen R. Howard
                                                   Kayla K. Cox
9                                                  Attorneys for Defendant County of Colusa

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT'S OPPOSITION AND CROSS-MOTION IN RESPONSE TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT FOR VIOLATION OF 29 U.S.C. SECTION 207**

PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, CA  95825
TEL: 916.929.1481
FAX: 916.927.3706