| | |
|---|---|
| MILES LEWIS, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>COUNTY OF COLUSA,<br><br>        Defendant. | Case No. 2:16-cv-01745-VC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT; DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 64, 66 |

      Because the County of Colusa has not shown that its biannual lump-sum holiday in-lieu payments to safety officers and dispatchers within the Deputy Sheriffs' Association fall "plainly and unmistakably within the . . . terms and spirit" of either of the Fair Labor Standards Act exemptions it invokes, the County was required to include these payments when calculating the regular rate of pay for these employees. *Flores v. City of San Gabriel*, 824 F.3d 890, 897 (9th Cir. 2016) (alteration and citation omitted). The plaintiffs' motion for partial summary judgment is therefore granted, and the County's motion is denied.

      1. To justify excluding these payments from the regular rate of pay, the County first relies on 29 U.S.C. § 207(e)(6), which provides an exemption from the regular rate for "extra compensation provided by a premium rate paid for work by the employee on . . . holidays . . . , where such premium rate is not less than one and one-half times the rate established in good faith for like work performed in nonovertime hours on other days." According to the County, when safety officers and dispatchers work on a holiday, they are paid at a "premium rate" of at least one-and-a-half times their regular rate of pay when one considers the total amount they are

ultimately paid for that holiday. In other words, if one aggregates what an employee is paid for hours worked on a holiday during the pay period in which the holiday occurs and the portion of the biannual lump sum attributable to that holiday, then divides that total amount by the number of hours worked, as a practical matter the resulting number will always be at least one-and-a-half times the regular rate. Dec. 6, 2017 Gallagher Decl. ¶¶ 10, 21-25, Dkt. No. 66-2.

The County has not shown that Congress contemplated an arrangement like the County's when it exempted compensation at a "premium rate" for work on a holiday. The County does not announce in advance a higher hourly rate it will pay safety officers and dispatchers for each hour worked on a holiday. Instead, it pays safety officers and dispatchers "for any hours worked on the holiday at their regular rate of pay (plus premium overtime, if applicable)," and then it pays them a lump sum equal to eight hours at their regular rate, often months later, regardless of whether the employee worked on the holiday or how many hours that employee worked. Dec. 6, 2017 Gallagher Decl. ¶¶ 10, 12, 14.[1] Payments structured in this way are not what one ordinarily considers payments at a "premium rate," as the amount paid over and above what an employee would usually receive – the biannual lump sum – is not determined by the number of hours an employee works on the holiday. *See Farris v. Cty. of Riverside*, 667 F. Supp. 2d 1151, 1164 (C.D. Cal. 2009) (noting that the language of section 207(e)(6) "impl[ies] that the premium rate must be a factor of the regular hourly rate"). Regulations elaborating on what can constitute an overtime premium excluded from the regular rate – including those premiums paid pursuant to section 207(e)(6) – explain that "any extra compensation in order to qualify as an overtime premium must be provided by a premium rate per hour," rather than as a lump sum. 29 C.F.R. § 778.207(b); *see also id.* §§ 778.308, 778.310; *Dooley v. Liberty Mut. Ins. Co.*, 369 F. Supp. 2d 81, 84-85 (D. Mass. 2005).

---

[1] Although this description of what employees are paid for the hours worked on holidays differs from what is included in the relevant memoranda of understanding, the plaintiffs agreed that the Gallagher Declaration submitted with the County's motion accurately describes how the employees at issue are paid, with the exception of one summary paragraph. *See* Pls.' Jan. 10, 2018 Letter Br. at 2, Dkt. No. 72.

The County has provided no contrary authority, nor any reason to believe that the biannual lump-sum payments at issue – whose amounts are untethered from the number of hours an employee worked on a given holiday – may be considered payments attributable to a "premium rate paid for work" on holidays. The County therefore has not shown that, when a safety officer or dispatcher works on a holiday, the portion of the biannual payment associated with that holiday constitutes additional compensation for work on that holiday at a "premium rate" under section 207(e)(6). *See Flores*, 824 F.3d at 897 ("[E]xemptions 'are to be narrowly construed against the employers seeking to assert them.'" (citation omitted)).

2. Whether 29 U.S.C. § 207(e)(2) applies to exempt the holiday in-lieu payments is a closer question, but the County does not show that its holiday payment scheme for safety officers and dispatchers falls squarely under this exemption either. Section 207(e)(2) exempts from the regular rate "payments made for occasional periods when no work is performed due to vacation, holiday, illness, failure of the employer to provide sufficient work, or other similar cause; . . . and other similar payments to an employee which are not made as compensation for his hours of employment." The County argues that section 207(e)(2) applies only when a safety officer or dispatcher does not work on a particular holiday. *See* County Opp'n & Cross-Mot. for Summ. J. at 9-16, Dkt. No. 66; County Reply Br. at 2, Dkt. No. 69 ("To clarify, the section 207(e)(2) exemption *only* applies when an employee does *not* work on a holiday.").[2]

It is true that, unlike in *Hart v. City of Alameda*, the County makes holiday in-lieu payments retroactively and only for those holidays during which an employee actually was employed. No. C-07-5845-MMC, 2009 WL 1705612, *2-3 (N.D. Cal. June 17, 2009); *see also*

---

[2] That the County limited its argument in this way is somewhat puzzling in light of the relevant regulations, which contemplate that exemption 207(e)(2) can sometimes apply even when employees work on holidays. *See* 29 C.F.R. § 778.219(a) (discussing "[p]ay for foregoing holidays and vacations"). After being asked to address this issue in a supplemental letter brief, the County contended that the regulation provides additional support for the County's position, but didn't explain how its new assertion that the payments at issue fall under 29 C.F.R. § 778.219(a) fits in with its argument that, when safety officers and dispatchers work on holidays, the holiday in-lieu payments are part of payments at a premium rate for the work done on that holiday. County's Jan. 9, 2018 Letter Br., Dkt. No. 71.

3

U.S. Dep't of Labor, Wage & Hour Div., Opinion Letter, 1999 WL 1788163, at *2 (Sept. 30, 1999). The payments also aren't directly dependent upon factors like years of service or number of hours worked in the immediately preceding year, making this case closer than *Dietrick v. Securitas Security Services USA, Inc.*, 50 F. Supp. 3d 1265, 1270-71 (N.D. Cal. 2014).

Yet, it is not enough that the size of the lump-sum payments is determined by the number of holidays that occurred in the last six months; to comport with the provision of the FLSA cited by the County, the payments must be "for occasional periods when no work is performed due to . . . holiday," or for foregoing an entitlement to that paid idle time. 29 U.S.C. § 207(e)(2); 29 C.F.R. § 778.219(a). Here, the collective bargaining agreement suggests that, if a safety officer or dispatcher does not work on a holiday, it is either because she is not scheduled to work on that day or because she decided to take vacation or leave time – in other words, not "due to" the holiday per se. DSA 2012-15 Mem. of Understanding, Bird Decl., Ex. A ¶ C.1, Dkt. No. 65-3 (stating that "Safety Officers and Dispatchers scheduled to work on a holiday shall be paid straight time for the hours worked" and, if "scheduled to work on a holiday[,] may take accumulated compensatory time or vacation time off in lieu of working"); DSA 2016-19 Mem. of Understanding, Bird Decl., Ex. B ¶ C.1, Dkt. No. 65-4 (same). The holiday in-lieu payments, which are the same whether the employee happens to work on the holiday or not, thus bear no real relation to any idle time. *See* 29 C.F.R. § 778.219(a) (noting that the provision applies to employees "entitled to . . . a paid idle holiday," as well as those who forego their paid idle holiday).

On this record, it is at least as plausible that safety officers and dispatchers are compensated biannually for the inconvenience of working a schedule in which they are not entitled to holidays off as it is that they are for "occasional periods when" they are "not at work due to . . . holiday." 29 C.F.R. § 778.218(a); *cf. Reich v. Interstate Brands Corp.*, 57 F.3d 574, 579 (7th Cir. 1995) (concluding that, "[w]hether paid contemporaneously in the hourly wage or deferred and treated like a bonus, compensation for working an unpleasant or inconvenient schedule should be handled under the terms of" a provision other than (e)(2)). Because these

4

accounts of the holiday in-lieu payments are equally plausible, the County has not carried its burden to show that these payments fall squarely within exemption (e)(2). *See Flores*, 824 F.3d at 897.

3. The Court has concluded that the current record is inadequate to assess whether the plaintiffs are entitled to liquidated damages or a three-year statute of limitations. The Court will therefore give the parties a further opportunity to address these issues during the damages phase of this litigation.

A telephonic case management conference is scheduled for 2:30 p.m. on May 8, 2018 to discuss scheduling of the trial on damages. The plaintiffs must send a conference line and access code to vccrd@cand.uscourts.gov, copying the County, by no later than May 4, 2018.

**IT IS SO ORDERED.**

Dated: April 2, 2018

_____
VINCE CHHABRIA
United States District Judge