Gary M. Messing, Bar No. 75363
    gary@majlabor.com
Jason H Jasmine, Bar No. 215757
    jason@majlabor.com
Monique Alonso, Bar No. 127078
    monique@majlabor.com
**MESSING ADAM & JASMINE LLP**
980 9th Street, Suite 380
Sacramento, California 95814
Telephone:     916.446.5297
Facsimile:     916.448.5047

Attorneys for Plaintiffs
MILES LEWIS and CHERI ERDELT, *et al.*

**P O R T E R  |  S C O T T**

A PROFESSIONAL CORPORATION
Colleen R. Howard, Bar No. 257661
Kayla K. Cox, Bar No. 311152
350 University Avenue, Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendant
COUNTY OF COLUSA

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILES LEWIS and CHERI ERDELT on behalf of themselves and all similarly situated individuals,<br><br>        Plaintiffs,<br><br>   v.<br><br>COUNTY OF COLUSA,<br><br>        Defendant. | Case No. 2:16-CV-01745-VC<br><br>**JOINT POST-DISTRIBUTION ACCOUNTING OF THE PARTIES AND [PROPOSED] ORDER AUTHORIZING RELEASE OF REMAINDER OF FEE AWARD**<br><br>*Assigned for All Purposes to The Honorable Vince Chhabria, Courtroom 4, Northern District, San Francisco* |

In accordance with the Court's Order for Approval of FLSA Settlement and Administration (Dkt. #119), Plaintiffs Miles Lewis and Cheri Erdelt, on behalf of themselves and all similarly situated individuals, and Defendant County of Colusa (the "County") (collectively, the "Parties") submit the following Joint Post-Distribution Accounting.

## A. SUMMARY OF SETTLEMENT

The following chart summarizes the distribution of settlement funds[1]:

| | |
|---|---|
| Total Settlement Fund | $180,070.17 |
| Total Number of Collective Action Members | 60 |
| Number of Collective Action Members Who Opted In and Were Sent Payments | 53 |
| Total Amount Paid Out to Collective Action Members | $65,986.55 |
| When Payments Were Made to Collective Action Members | April 2, 2019 |
| Average Recovery Per Member | $1,245.03 |
| Median Recovery Per Member | $830.31 |
| Largest Amount Paid Out | $6,261.54 |
| Smallest Amount Paid Out | $36.08 |
| Number and Total Value of Uncashed Checks | 18 (2 checks each for 9 collective action members); $7,113.24 |
| Number of Members Who Could Not Be Contacted | 2 |
| Attorneys' Fees and Costs | $112,809.00 ($20,000 in fees withheld per Court order, Dkt. #119) |

## B. IDENTIFICATION OF COLLECTIVE ACTION MEMBERS

Prior to issuing settlement packets to the collective action members, the County provided a spreadsheet to plaintiffs' Collective Action Counsel that included the names of 80 potential collective action members. This spreadsheet included the member's last known address, telephone

---

[1] The chart summarizes the information contained in Exhibit A to the Declaration of Colleen Howard, filed concurrently herewith.

MESSING ADAM & JASMINE LLP
ATTORNEYS AT LAW

number, job title, date of hire, termination date (if applicable), amount of back-pay owed, and amount of liquidated damages owed to each individual. Declaration of Monique Alonso ("Alonso Dec."), filed concurrently herewith, ¶ 2.

Using the information on the spreadsheet, the Parties together identified 20 individuals for whom no back-pay or liquidated damages was owed because the individual did not work overtime hours during weeks that included holidays. As such, the Parties agreed that these 20 individuals should not receive settlement packets. *Id.*, ¶ 3.

One of the individuals identified on the spreadsheet for whom no back pay or liquidated damages was owed, Tony (John) Garofalo, had originally filed a consent to join form. Mr. Garofalo was dismissed from the lawsuit on March 20, 2019. [Stipulated Dismissal, Dkt. #123]. *Id.* ¶ 4.

Six individuals, Janice Bell, Irma Cull, Paul Rainsbarger, Jamie Sachs, Kristen Simmons and Paul Spencer, who had originally consented to join the lawsuit but ultimately were not included in the Court's definition of the class. These individuals were therefore not eligible plaintiffs and were dismissed from the lawsuit on March 20, 2019. [Stipulated Dismissal, Dkt. #123]. *Id.*, ¶ 5.

## C. NOTICE TO COLLECTIVE ACTION MEMBERS

Collective Action Counsel mailed settlement packets to a total of sixty (60) putative collective action members on January 24, 2019. *Id.*, ¶ 6. Based on the mailing date and the terms of the Parties' Stipulation of Settlement and Release of Claims, the deadline to opt-in and return executed opt-in forms was March 11, 2019.

Collective Action Counsel timely received 53 consent forms either before or postmarked by March 11, 2019. *Id.*, ¶ 7. Of the remaining seven putative collective action members, Collective Counsel established or accomplished the following:

- one individual affirmatively declined to participate in the settlement;

- settlement packets for two individuals were "returned to sender, unable to forward." Using the phone numbers provided on the County's spreadsheet, my assistant left voicemail messages, and also performed internet searches, but was unsuccessful in locating current contact information;

- one individual told my assistant he would submit the consent form and she sent a follow-up letter and two more emails; no consent form was returned;

- two individuals did not respond. My assistant sent follow-up letters, and left unanswered voicemail messages. A text message from the DSA President also went unanswered; and

- one individual no longer employed by the County did not respond despite a follow-up letter and attempted phone contact (voicemail not set up) by my office. The DSA's President did not know how else the member could be reached.

*Id.*, ¶ 7.

**D. PAYMENT DISTRIBUTION TO COLLECTIVE ACTION MEMBERS**

The County delivered settlement payments to Collective Action Counsel on March 29, 2019. *Id.*, ¶ 8. The total amount paid out to collective action members was $65,986.55. The largest amount paid was $6,261.54. The smallest amount paid was $36.08. The average amount paid was $1,245.03. The median amount paid was $830.31. *Id.*, ¶ 9.

Collective Action Counsel forwarded settlement payments to the individual consenters on April 2, 2019. As of April 22, 2019, 88 of the checks (each collective action member received two checks) have been cashed, for a total value of $58,873.31. There are 18 checks (two checks each from nine collective action members) that remain uncashed, for a total value of $7,113.24. *Id.*, ¶ 10.

**E. SIGNIFICANT OR RECURRING CONCERNS COMMUNICATED TO COUNSEL**

There were no significant or recurring concerns communicated by collective action members to the County or its counsel.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**F.      OTHER ISSUES IN SETTLEMENT DISTRIBUTION**

One consenter contacted counsel for the County to say that she had not received her checks because she had provided the wrong mailing address on her claim form.  After waiting the required number of days imposed by the County's bank to stop payment on a check, and confirming that the checks were neither received by the consenter nor returned to Collective Action Counsel, replacement checks for this individual will be reissued. *Id*., ¶ 11.


Dated:  April 23, 2019                          MESSING ADAM & JASMINE LLP


By  _____
          */s/ Monique Alonso*
    **GARY M. MESSING**
    **JASON H JASMINE**
    **MONIQUE ALONSO**
    Attorneys for Plaintiffs
    MILES LEWIS and CHERI ERDELT, *et al.*


Dated:  April 23, 2019                                      PORTER | SCOTT


By  _____
          */s/ Colleen R. Howard*
    **COLLEEN R. HOWARD**
    **KAYLA K. COX**
    Attorneys for Defendant
    COUNTY OF COLUSA

# [PROPOSED] ORDER

The Court having carefully reviewed the Joint Post-Distribution Accounting of the Parties and [Proposed] Order, and the Declarations of Monique Alonso and Colleen Howard in support thereof, and relevant Exhibits thereto and good cause appearing, therefore,

the Court hereby authorizes the release of the remaining $20,000.00 fee award to Collective Action Counsel.

**IT IS SO ORDERED.**

Dated: __May 30_____, 2019

_____
**HON. VINCE CHHABRIA**
**UNITED STATES DISTRICT JUDGE**